Lin v. Holder

BIA
Mulligan, IJ
A078 864 264

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

QIANG LIN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, BOARD OF
IMMIGRATION APPEALS,
> *Respondents.*

09-1505-ag
NAC

_____

FOR PETITIONER:      Thomas D. Barra, Forest Hills, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Sabina M. Lofty, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qiang Lin, a native and citizen of the People's Republic of China, seeks review of a March 24, 2009 order of the BIA, affirming without opinion the July 19, 2007 decision of Immigration Judge ("IJ") Thomas Mulligan, denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiang Lin* No. A078 864 264 (BIA Mar. 24, 2009), *aff'g* No. A078 864 264 (Immig. Ct. N.Y. City July 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision alone. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B). Because Lin's application was filed before the effective date of the REAL ID Act of 2005, *see* Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005), we consider whether the IJ provided "specific, cogent reasons"

that "bear a legitimate nexus" to his finding that Lin did not testify credibly, *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted).

Here, the IJ reasonably found petitioner not credible based on: (1) his lack of responsiveness to initial questions, which indicated that he was following a memorized script; (2) his inconsistent testimony about the number of times he was questioned and whether he was beaten during his detention; (3) his inconsistent testimony about whether he practiced Falun Gong in China; and (4) evidence that his parents had never been arrested, even though petitioner's testimony indicated that the authorities intended to do so. These specific findings constitute substantial evidence supporting the IJ's determination because they "bear a legitimate nexus" to Lin's claim that he would be persecuted in China on account of his Falun Gong practice. *Secaida-Rosales v. INS*, 331 F.3d at 307.

Before the IJ, Lin attempted to explain prior inconsistent testimony by referencing nervousness. On appeal, Lin attributes any inconsistencies to potential translation errors. A reasonable factfinder would not be compelled to credit these explanations. *See Majidi v.*

3

*Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Moreover, even if any one of the IJ's specific findings would not, by itself, support an adverse credibility determination, the IJ was entitled to rely on their cumulative effect. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir. 2006).

Because the factual predicate for all of Lin's claims was the same testimony not credited by the IJ, the agency properly denied Lin's application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4